Case 4:23-cr-00464　　Document 1　　Filed on 10/04/23 in TXSD　　Page 1 of 6

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED
*October 04, 2023*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | § CRIMINAL NO. **4:23-cr-00464** |
| | § |
| REGINALD DEVON KIMBROUGH | § |
| AKA: REGINALD KIMBROUGH | § |

### SEALED INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### Introduction

At all times material to this Indictment:

1. Defendant **REGINALD DEVON KIMBROUGH, AKA: REGINALD KIMBROUGH ("KIMBROUGH")**, was a resident of Harris County, Texas, within the jurisdiction of this Court.

2. The Department of the Treasury is the national treasury and finance department for the federal government of the United States. Part of the role of the Treasury Department is the disbursement of payments to the American public.

3. The Small Business Administration is an agency of the United States Government that provides loans through banks, credit unions, and other lenders who partner with the agency, and had offices throughout the United States.

4. Part of the role of the Small Business Administration is to provide low-interest disaster loans to assist businesses and homeowners recover from declared disasters. The Small Business Administration's (SBA) disaster loans are the primary form of Federal assistance for the repair and rebuilding of non-farm, private sector disaster losses.

5. Qualified disaster loans under the Small Business Administration include economic

injury disaster loans. These types of loans are administered through the Economic Injury Disaster Loan (EIDL) program.

6. The Economic Injury Disaster Loan (EIDL) Program can provide up to $2 million of financial assistance to small businesses or private, non-profit organizations that suffer substantial economic injury as a result of the declared disaster, regardless of whether the applicant sustained physical damage. Actual loan amounts are based on amount of economic injury.

7. To be eligible for EIDL assistance, small businesses or private non-profit organizations must have sustained economic injury and be located in a disaster declared county or contiguous county.

8. On March 6, 2020, Congress passed Pub. L. 116–123, also known as the Coronavirus Preparedness and Response Supplemental Appropriations Act. H.R. 6074 provided an emergency supplemental appropriation of $8.3 billion to combat the spread of the Coronavirus ("COVID-19") pandemic. On March 13, 2020, the President declared an emergency under Section 501(b) of the Stafford Act (41 USC § 5121, et seq.) in response to COVID-19. Section 501(b) of the Stafford Act allows the President of the United States to unilaterally declare an emergency for certain emergencies involving federal primary responsibility, pursuant to 41 USC § 5191(b).

9. Pub. L. 116–123 also deemed COVID-19 to be a disaster under the EIDL program. As a result of the legislation, economic injury from COVID-19 became an eligible EIDL expense. Qualifying businesses or entities were thereafter be permitted to obtain loans directly from the SBA that would be repaid over a period of time, in order to help businesses overcome the effects of the COVID-19 pandemic.

10. On March 27, 2020, Congress passed Pub. L. 116–136, also known as the Coronavirus Aid, Relief, and Economic Security (CARES) Act. As part of the legislation, the CARES Act

expanded the EIDL program to include grants which could provide an emergency advance of up to $10,000 to small businesses and private non-profits harmed by COVID-19. Businesses that were eligible for an EIDL loan and who have been in operation since January 31, 2020, when the public heath crisis was announced, qualified for an emergency grant.

## Manner and Means of the Scheme

11. From approximately early July 2020, through June of 2021, **KIMBROUGH** engaged in a scheme to defraud by applying for emergency assistance in the form of an advance and/or loan with the Small Business Administration, via the COVID-19 Economic Injury Disaster Loan (EIDL) Program.

12. It was further part of the scheme that **KIMBROUGH** would make such applications by listing information material to the application that was fraudulent, such as the business legal name, the organization type, gross revenues prior to the disaster, cost of goods sold, and number of employees.

13. It was further part of the scheme that **KIMBROUGH** would transmit the fraudulent applications to the Small Business Administration through the internet and used the SBA's online loan application portal.

14. Part of SBA's online application included the following language:

> CERTIFICATION AS TO TRUTHFUL INFORMATION: By signing this application, you certify that all information in your application and submitted with your application is true and correct to the best of your knowledge, and that you will submit truthful information in the future. WARNING: Whoever wrongfully misapplies the proceeds of an SBA disaster loan shall be civilly liable to the Administrator in an amount equal to one-and-one half times the original principal amount of the loan under 15 U.S.C. 636(b). In addition, any false statement or misrepresentation to SBA may result in criminal, civil or administrative sanctions including, but not limited to: 1) fines and imprisonment, or both, under 15 U.S.C. 645, 18 U.S.C. 1001, 18 U.S.C. 1014, 18 U.S.C. 1040, 18

U.S.C. 3571, and any other applicable laws; 2) treble damages and civil penalties under the False Claims Act, 31 U.S.C. 3729; 3) double damages and civil penalties under the Program Fraud Civil Remedies Act, 31 U.S.C. 3802; and 4) suspension and/or debarment from all Federal procurement and non-procurement transactions. Statutory fines may increase if amended by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015.

15. It was further part of the scheme that **KIMBROUGH** would, at the end of the application and underneath the language outlined in paragraph 14, check the box next to the following language: "I hereby certify UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES that the above is true and correct."

16. As result of the scheme to defraud, **KIMBROUGH** fraudulently obtained $10,000 in the form of an Economic Injury Disaster Loan from the Small Business Administration.

17. Paragraphs 1 through 16 of this Indictment are hereby incorporated by reference as though fully set forth herein for Counts One through Six of this Indictment.

## COUNTS ONE THROUGH SIX
**[Wire Fraud, 18 USC § 1343]**

Beginning on or about **July 1, 2020**, and continuing through on or about **June 8, 2021**, in the Southern District of Texas and elsewhere, within the jurisdiction of the Court, Defendant,

**REGINALD DEVON KIMBROUGH**
**AKA: REGINALD KIMBROUGH**

for the purpose of executing the aforementioned scheme and artifice to defraud and to obtain money, and to attempt to obtain money, by material false and fraudulent representations, pretenses and promises, did knowingly cause to be transmitted by the internet and private commercial interstate carriers, the following matters:

| COUNT | DATE OF ONLINE APPLICATION (on or about) | RECEIVING AGENCY | AGENCY LOCATION |
|---|---|---|---|
| 1 | July 1, 2020 | Small Business Administration | Washington, D.C. |
| 2 | August 11, 2020 | Small Business Administration | Washington, D.C. |
| 3 | October 29, 2020 | Small Business Administration | Washington, D.C. |
| 4 | December 30, 2020 | Small Business Administration | Washington, D.C. |
| 5 | May 20, 2021 | Small Business Administration | Washington, D.C. |
| 6 | June 8, 2021 | Small Business Administration | Washington, D.C. |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE
**[18 USC § 1343]**

Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that, upon conviction of any of the offenses set forth in Counts One through Six of the Indictment, the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(4), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in Counts One through Six of the Indictment including, but not limited to, $10,000 specifically as to Count One.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred, sold to, or deposited, with a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

A TRUE BILL:

*Original Signature on File*
FOREMAN OF THE GRAND JURY

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

_____
Brian Bajew
Assistant United States Attorney